[Sac. No. 1210.   Department Two.—September 5, 1906.]

## D. P. EDWARDS, Respondent, v. J. A. LECHLEITER, Defendant, Appellant, and Mrs. J. A. LECHLEITER and EMMA LECHLEITER, Interveners, Appellants.

VENDOR AND PURCHASER—CONTRACT OF SALE—ACTION BY VENDOR FOR PURCHASE PRICE AND ADVANCES—SUPPORT OF FINDING—CONFLICT-ING ·EVIDENCE.—In an action by a vendor to enforce a contract for the sale of lots, and to recover the purchase price of eight hundred dollars therefor, besides eleven hundred dollars for advances made for improvements erected ·upon the lots, with interest on each sum, where the evidence was conflicting as to whether the eleven hundred dollars did or did not include the price for the lots, and the court found for the plaintiff, upon his testimony against that of the defendant, the finding is. sufficiently supported, and will not be disturbed upon appeal.

ID.—CLAIM OF INTERVENERS—RECONSTRUCTION OF BURNED RESIDENCE BY DEFENDANT'S WIFE — EXECUTION AGAINST DEFENDANT BY DAUGHTER.—The claim of an interevening wife of defendant that she reconstructed the residence on the premises after its destruction by fire, with her money, cannot entitle her to claim ownership of the building erected on plaintiff's land, with knowledge of plaintiff's ownership and of the contract between plaintiff and defendant; nor can a judgment and execution in favor of an intervening daughter of defendant against that defendant be of any value against the property of the plaintiff herein.

APPEAL from an order of the Superior Court of Yolo County denying a new trial.   E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

.W. M. Sims for Appellants.

Charles W. Thomas, for Respondent.

McFARLAND, J.—Judgment in the trial court went for plaintiff.   The defendant, J. A. Lechleiter, and the inter-veners, Mrs. J. A. Lechleiter and Emma Lechleiter, made a joint motion for a new trial.   This motion was denied; and from the order denying it the defendant and interveners appeal.   There is no appeal from the judgment.

About one half of the transcript consists of numerous, voluminous, and rather wearisome pleadings and findings. The court found, in accordance with the material averments

of the complaint, that on or about February 28, 1889, plaintiff was, and still is, the owner of three described lots of land in the town of Willows, in Yolo County; that at said time the defendant contracted with plaintiff that he would pay to the latter the sum of eight hundred dollars for said lots; that in pursuance of such contract defendant entered upon the possession of the lots and erected thereon a machine and blacksmith shop and placed therein certain machinery, implements, tools, etc., for the operation of the same, and constructed thereon a dwelling-house; that it was also contracted between the parties that plaintiff should advance to defendant all the money necessary for the construction of said buildings and for the equipment of said shop with machinery, apparatus, implements, and tools, and that all the buildings, machinery, tools, and other personal property placed by defendant on the lots should be and remain the property of the plaintiff until defendant should have repaid to plaintiff all the advances that should be made by the latter as aforesaid, and with interest; that plaintiff did advance money to defendant for said purposes to the amount of eleven hundred dollars; that the defendant has not paid to plaintiff any part of the eight hundred dollars to be paid for the lots or of the said eleven hundred dollars advanced by plaintiff; and that there is now due from defendant to plaintiff upon said contract the sum of $2,184.66. The judgment is that if defendant shall pay to plaintiff the said sum of $2,184.66 with costs within sixty days after the entry of the judgment, the plaintiff shall execute to defendant a deed conveying and transferring to him all the said property; but if defendant shall fail to pay said money within said sixty days, then all the property shall be sold according to the law relative to the sale of property under execution, and the proceeds of the sale, or as much thereof as shall be necessary, applied to the satisfaction of the expenses of the sale and to the payment of the said sum of $2,184.66 and costs.

It appears that at one time plaintiff and defendant agreed that eleven hundred dollars was the amount due for the advancements made by plaintiff, and that defendant gave plaintiff a note for that amount, bearing interest, and also a chattel mortgage of all the property, as additional security. This chattel mortgage was of no material importance, except

as showing the amount due for advancements at the time of its date. As there is no appeal from the judgment, no question arises as to its sufficiency in form or substance.

On the appeal from the order denying the motion for a new trial there are a few exceptions made to rulings on the admissibility of evidence, but we see no error in these rulings, and, moreover, they relate to matters of no vital consequence. The main points made by appellants are that the findings are not supported by the evidence; but there was material evidence in support of all the findings. The principal contention of defendant is that the eleven hundred dollars was the whole amount due including the eight hundred dollars to be paid for the lots; but the testimony of plaintiff was directly to the point that the eleven hundred dollars was for the amount of the advancements and was in addition to the eight hundred dollars, and while the testimony of defendant contradicts that of plaintiff on this point, still there was on the subject only that material conflict of evidence which placed the determination of the fact entirely within the province of the trial court.

There is nothing in the contentions of the interveners. The intervener Mrs. J. A. Lechleiter is the wife of the defendant, and her claim is that the residence building on the plaintiff's lots was destroyed by fire, and that it was rebuilt with her money. It is useless to inquire whether or not there was evidence enough to support that contention; she knew that plaintiff owned the lots and knew of the contract between plaintiff and defendant, and there is no principle upon which she could claim ownership of the building erected on plaintiff's land. The other intervener is defendant's daughter, and her claim is that she got a money judgment in a justice's court against the defendant, and that execution issued thereon and was levied on the property here involved. There is no evidence in the record showing the issuance or levy of such execution; but neither such execution nor judgment would be of any value against the property of plaintiff herein.

The order denying a new trial is affirmed; and it is ordered that the sixty days mentioned in the judgment do now commence to run from the date of the filing of the *remittitur* on this appeal in the lower court.

Henshaw, J., and Lorigan, J., concurred.